**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Michael Eugene Grice, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:02-3401-12 |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On October 10, 2002, under 28 U.S.C. § 2255, Michael Eugene Grice ("petitioner") commenced this pro se action attacking his guilty plea and sentence. On April 28, 2004, the government moved for summary judgment. On May 7, 2004, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On May 13, 2004, the petitioner responded to the government's motion for summary judgment. On August 27, 2004, the petitioner supplemented his response to the government's motion for summary judgment. This matter is now before the Court for disposition.

On February 22, 2001, a federal grand jury charged the petitioner with one count of:

> having been convicted of crimes punishable by imprisonment for terms exceeding one year and having at least three prior convictions for crimes committed on occasions different from each other for violent felonies, knowingly did possess in an affecting commerce a Stevens 12 gauge shotgun and a .22 caliber rifle, each of which had been shipped and transported in interstate commerce.

On April 25, 2001, the petitioner pled guilty to being a felon in possession of a firearm. On November 20, 2001, the Court sentenced the petitioner to 188 months confinement followed by 5 years of supervised release. The Court enhanced the petitioner's sentence for having three or more prior convictions for violent felonies. On July 3, 2002, the Fourth Circuit Court of Appeals

affirmed the petitioner's guilty plea and sentence.

The petitioner raises the following claims in his petition and subsequent responses: (1) the petitioner did not have three prior violent felony convictions, (2) counsel did not tell the petitioner that he pled guilty to being an armed career criminal, (3) the petitioner did not possess firearms when he was arrested, and (4) the petitioner's sentence violates the principles set forth in Blakely v. Washington, 124 S.Ct. 2531 (2004).

With the exception of the Blakely claim, the government contends that because the petitioner did not raise these issues on direct appeal, he is procedurally barred from raising them for the first time on collateral review.  See United States v. Frady, 456 U.S. 152, 165 n. 10 (1982).  A petitioner's procedural default is excused, however, upon a showing of cause and prejudice or of actual innocence.  Sawyer v. Whitley, 505 U.S. 333, 339 (1992).   The petitioner claims that he is actually innocent of being a felon in possession of a firearm and of being an armed career criminal.  Moreover, the petitioner claims his attorney did not inform him that he pled guilty to being an armed career criminal which implies an ineffective assistance of counsel claim.

First, the petitioner claims that he did not possess a firearm.  The petitioner's claim is refuted by the record.  The petitioner confessed to breaking into a home and stealing a shotgun and a .22 caliber rifle.  Furthermore, witnesses informed  South Carolina authorities that the petitioner attempted to sell them a rifle and a shotgun.  The petitioner has not presented any evidence which demonstrates that he did not commit this crime.  At the petitioner's guilty plea hearing, the Court determined that the petitioner understood the charge he pled guilty to.  The petitioner is not entitled to relief on this claim.

Second, the petitioner claims that he has only been convicted of two prior felonies instead of the three required under the armed career criminal enhancement. See 18 U.S.C.§ 924(e). The petitioner's claim of actual innocence of his armed career criminal enhancement is not procedurally barred. United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999)(citing United States v. Maybank, 23 F.3d 888, 894 (4th Cir. 1994)). The petitioner is also known as Michael Ray Jones. The petitioner claims that he is being given credit for felonies committed by another Michael Ray Jones. The record reveals that counsel exhaustively researched this claim, but he found that the petitioner was convicted of all the judgments accounted to him.

The probation officer found, and the petitioner does not deny, that his alias is Michael Ray Jones. Included with the petitioner's Presentence Report are eight North Carolina indictments (94CRS19705-709 and 94CRS21355-357), all returned on May 16, 2001, charging Michael Ray Jones with, among other charges, eight breaking and entering charges. The petitioner pled guilty to all of the indictments and three judgments resulted from the guilty plea. These judgments name Michael Ray Jones and each of the judgments list the same date of birth for Michael Ray Jones. Counsel states in an affidavit that the petitioner admitted to him that the petitioner pled guilty to two of the indictments (94CRS19709 and 94CRS21356). A form transcript of the petitioner's state court guilty plea hearing is included in the record. This transcript reveals that the petitioner pled guilty to eight counts of breaking and entering.

Moreover, the petitioner initially objected to his Presentence Report's findings as to these prior convictions. At sentencing, however, counsel informed the Court that he had spoken with the attorney who represented the petitioner when the petitioner pled guilty to the North Carolina charges. Counsel was convinced after this conversation with the petitioner's North Carolina

attorney that the petitioner had pled guilty to all of the breaking and entering charges; consequently, the petitioner was an armed career criminal. The Court asked the petitioner if he understood this and the petitioner replied that he did.

In addition, a letter from the petitioner's probation officer is part of the record. In this letter, the probation officer states that he reviewed the petitioner's NCIC report[1] and verified that Michael Ray Jones was the arrest name for the North Carolina offenses and based on a fingerprint analysis, the petitioner was the individual arrested for the charges listed above. The petitioner's claim that he is innocent of the armed career criminal enhancement is without merit and he is not entitled to relief on this claim.

Third, the petitioner claims that counsel did not inform him that he pled guilty to being an armed career criminal. In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in

---

[1] The National Crime Information Center collects data from law enforcement agencies around the county and compiles the data into a report on individuals who have been arrested by the reporting law enforcement agencies. Fingerprint cards are part of the report.

>the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).

The guilty plea transcript reveals that the petitioner did not plead guilty to the armed career criminal charge. Rather, the government proved this charge at sentencing. At the guilty plea hearing, the Court informed the petitioner that the government would attempt to prove at sentencing that he had three prior violent felony convictions in order to enhance his sentence. The Court also acknowledged that the petitioner was going to challenge this contention. The Court informed the petitioner of the maximum sentence he faced if the government proved the convictions. Following these warnings, the Court asked the petitioner if he understood and the petitioner stated that he understood.

The petitioner's Presentence Report lists three breaking and entering convictions for eight breaking and entering charges in North Carolina. The petitioner objected to this finding,

but at sentencing, counsel informed the Court that he had researched the issue and confirmed that the information in the Presentence Report was correct.  The Court asked the petitioner if he agreed with counsel's assessment and the petitioner stated that he did.  The petitioner fails to show that counsel's representation was deficient or that it prejudiced him, and the petitioner is not entitled to relief on this claim.

Finally, the petitioner claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004).  Recently, the United States Supreme Court reaffirmed that principle.  See United States v. Booker, 125 S. Ct. 738 (2005).  The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.  Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).  Here, the petitioner's case has run its course and his conviction and sentence became final in 2002, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding."  Id.  This § 2255 action is an attempt to collaterally attack his final conviction and sentence.  Booker, therefore, is inapplicable to this case.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

|  |  |
|---|---|
|  | s/ C. Weston Houck |
| April 27, 2005 | **C. WESTON HOUCK** |
| Charleston, South Carolina | **UNITED STATES DISTRICT JUDGE** |